UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRICK GARDNER (#16036-424), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 C 3411 |
| v. ) | |
| ) | Judge William J. Hibbler |
| ERIC WILSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Derrick Gardner, a federal prisoner, brings this *pro se* civil rights action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). Presently before the Court is Defendants' motion to dismiss Plaintiff's constitutional claims and their motion to substitute the United States as the sole Defendant.

A reading of the complaint supports the following summary of the alleged operative conduct of the parties:

On April 28, 2007, at approximately 10:00 a.m., while housed at the Metropolitan Correctional Center, Plaintiff was exercising in the recreation area provided by the facility. While exercising, Plaintiff's foot slipped on uneven pavement causing his foot to become lodged in a crevice. Approximately 45 minutes later, Plaintiff complained to the recreational staff about an injury to his right foot that was caused by the uneven pavement. Plaintiff was sent back to his cell area then taken to the medical department at approximately 11:30 a.m. Plaintiff was examined by Dr. Nowakowski who informed Plaintiff that his foot was fractured and that he needed further

medical attention. At approximately 5:00 p.m., Plaintiff was taken to the hospital were his foot was placed in a half-cast until he could return for surgery.

On May 23, 2007, Plaintiff complained to staff about not being scheduled to have his foot surgery. Plaintiff had been enduring extreme pain and anguish since the injury occurred. On August 7, 2007, Plaintiff was informed that he was scheduled for a follow-up evaluation by a foot specialist to discuss the treatment plan. On August 21, 2007, Plaintiff received surgery on his foot.

Plaintiff alleges that each Defendant, "upon information and belief" had actual knowledge of Plaintiff's injury and the needed surgery and that Defendant, Warden Eric Wilson, had actual knowledge of the substantial and ongoing risk posed to inmates by the dilapidated recreation area. Plaintiff further alleges that the Defendants, "upon information and belief," delayed his surgery because it was not considered to be an emergency.

Plaintiff identifies three counts in his complaint. Count I alleges that "the defendants" were deliberately to his serious medical needs when they intentionally delayed his surgery and interfered with the treatment plan put into place by the hospital. Count II alleges that "the defendants" were negligent in their refusal to carry out their assigned duties and they did not use or have the skill to make professional judgments that are the norm in the medical field. Count III alleges that Warden Wilson's failure to repair the recreation area amounted to deliberate indifference to Plaintiff's risk of serious injury.

Plaintiff attached a grievance he filed regarding his foot injury in which he stated "I would like to be compensated for the severe pain an[d] suffering that I endured while waiting for medical treatment from 4-28-07 - 8-21-07 while at [the MCC]." Plaintiff's grievance was denied and

Plaintiff appealed that denial. In his appeal, Plaintiff discussed the delay in his surgery. The appeal was also denied.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.*, 550 U.S. 544, 555-56 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002)). However, some factual allegations my be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. Aug. 20, 2009) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to " give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks*, 578 F.3d at 580 (quoting *Swierkiewicz*, 534 U.S. at 514. Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The plaintiff's claim

3

must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556.

However, "a court need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks*, 578 F.3d at 581 (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009). Plaintiffs cannot "merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims. . . ." *Brooks*, 578 F.3d at 581. "[C]ourts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal arguments." *Brooks*, 578 F.3d at 581.

Defendants first argue that Count III should be dismissed as time-barred and for failure to exhaust administrative remedies.

*Bivens* actions are controlled by the personal injury statute of limitations of the state where the alleged injury occurred. *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996). In Illinois, the statute of limitations for personal injury lawsuits is two years. *Delgado-Brunet*, 93 F.3d at 342. The statute of limitations of *Bivens* actions begins to run when the plaintiff discovers, or through due diligence would have discovered, that he has been injured and who caused the injury. *United States v. Duke*, 229 F.3d 627, 630 (7th Cir. 2000).

Here, Plaintiff alleges that he was injured on April 28, 2007, in the recreation area of the MCC due to Warden Wilson's failure to repair the area that was in poor condition. Thus, the statute of limitations as to this claim arose on April 28, 2007, when Plaintiff injured himself due to the alleged poor condition of the recreation area. Plaintiff's suit was filed on May 31, 2009, more than two years after his claim in Count III arose. Thus, Count III is time-barred.

4

Even if Count III were not time-barred, Plaintiff did not exhaust his administrative remedies as to that count. A plaintiff must first exhaust his administrative remedies before filing suit based on the alleged violation of his constitutional rights raised in the instant lawsuit. *See* 42 U.S.C. § 1997e(a); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). The purpose of the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before the filing of a federal lawsuit. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). To that effect, the grievance must "alert[] the prison to the nature of the wrong for which redress is sought . . . ." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

Here, Plaintiff's grievance and appeal specifically addressed his alleged lack of proper medical care – neither the grievance nor the appeal included any reference (or inference) related to grieving that the recreation area was poorly maintained and caused his injury. Thus, Plaintiff did not exhaust his administrative remedies as to Count III.

Defendants argue that Count I should be dismissed because Plaintiff's vague, sweeping allegations fail to state a claim upon which relief can be granted; specifically, that Plaintiff fails to plead any personal involvement by any of the Defendants.

"In order to state a cause of action under *Bivens*, the plaintiff must allege facts which show that the individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights." *Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997). Plaintiff's complaint names four Defendants. Plaintiff's allegations as to the three "medical Defendants" are based on their responsibility for "supervising Detention Center staff and maintaining that all inmates receive adequate medical care" or their responsibility "for providing adequate medical attention to inmates housed at the Metropolitan Detention Center." These allegations are contained in Plaintiff's

5

description of the parties. However, his statement of his claim and Count I fails to identify any named Defendant; instead, he alleges "the defendants" did not provide the proper medical care for his foot injury. Plaintiff fails to allege any personal involvement by any of the named Defendants in Count II. Plaintiff's broad, general (sketchy) allegations fail to provide the Defendants sufficient notice of the claims against them. *See Brooks*, 578 F.3d at 581. Accordingly Count I is dismissed without prejudice for failure to state a claim upon which relief can be granted.

Lastly, Defendants argue that the United States should be substituted as the sole remaining Defendant because Count II alleges a negligence claim against federal employees that must be brought under the Federal Tort Claim Act ("FTCA"). Plaintiff argues that the United States should not be substituted as the sole Defendant because he brings Count II against the Defendants in their individual capacities and they were not acting within the scope of their employment because they failed to follow Bureau of Prison's rules and regulations when they failed to properly maintain the recreation area and failed to provide adequate medical care.

The FTCA authorizes suits against the Government for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable . . . ." 28 U.S.C. § 1346(b); *Calderon v. United States*, 123 F.3d 947, 948 (7th Cir. 1997). The FTCA grants the Attorney General the authority to certify that a federal employee named as a defendant in a tort action was acting within the scope of his or her employment at the relevant time. 28 U.S.C. § 2679(d)(1). If such an action is commenced in federal court, and the Attorney General certifies that the employee was acting within th scope of his or her employment at the relevant time, the United States *must* be

substituted as the defendant. 28 U.S.C. § 2679(d)(1); *Osborn v. Haley*, 549 U.S. 225, 241 (2007) (emphasis added).

In the instant case, the Attorney General has certified that the Defendants were all acting within the scope of their employment as employees of the United States at the time of the incidents at issue. Accordingly, the United States must be substituted as the Defendant for Plaintiff's negligence claim (Count II).

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's constitutional claims and to substitute the United States as the sole Defendant [27] is granted. Count I is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Count III is dismissed with prejudice as time-barred and for failure to exhaust administrative. The United States is substituted as the sole Defendant as to Count II. The Clerk is directed to add the United States as a Defendant and dismiss Eric Wilson, Arthur Hoffman, Dr. Lamping, and Dr. Sample as Defendants. The United States responsive pleading is to be filed with twenty-one days of this order. A status hearing is scheduled for 2/10/10 at 9:30 AM.

Dated: 1/4/10

William J. Hibbler
United States District Court Judge

7